[Cite as *State v. Clark*, 2016-Ohio-39.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

|                          |     |                                           |
| ------------------------ | --- | ----------------------------------------- |
| STATE OF OHIO            | :   |                                           |
|                          | :   | Appellate Case No. 26596                  |
| Plaintiff-Appellee       | :   |                                           |
|                          | :   | Trial Court Case No. 1991-CR-2240/2       |
| v.                       | :   |                                           |
|                          | :   | (Criminal Appeal from                     |
| DAVID E. CLARK           | :   | Common Pleas Court)                       |
|                          | :   |                                           |
| Defendant-Appellant      | :   |                                           |
|                          | :   |                                           |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of January, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. No. 0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

DAVID E. CLARK, Inmate No. 254-389, Trumbull Correctional Institution, 5701 Burnett Road, P.O. box 901, Leavittsburg, Ohio 44430
      Defendant-Appellant-Pro Se

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant David Clark appeals from the denial of his motion for

leave to seek a new trial. He contends that the trial court erred by permitting the State to file a late response to his motion, and by ruling on the motion without permitting him to file a reply to the State. He further contends that the trial court erred in concluding that his motion was not timely. For the reasons set forth below, we Affirm.

## I. The Course of Proceedings

{¶ 2} This case arises out of the April 1991 burglary and burning of a residence occupied by Judith Simpson and her daughter Amanda. Amanda died in the fire, and Judith was injured. On March 27, 1992, following a jury trial, Clark was found guilty of Aggravated Murder, Attempted Aggravated Murder, Aggravated Burglary, and Aggravated Arson. He was sentenced to an indefinite prison term of 21 to 75 years, to be served consecutively to a term of life in prison.

{¶ 3} We affirmed his conviction in *State v. Clark*, 2d Dist. Montgomery No. 13435, 1994 WL 171223 (May 4, 1994). We affirmed the denial of his petition for post-conviction relief in *State v. Clark*, 2d Dist. Montgomery No. 16463, 1998 WL 271853 (May 29, 1998). On May 4, 1999, Clark filed a pro se motion for new trial based on different grounds than those raised herein, which the trial court overruled without a hearing May 25, 1999. Clark appealed. We affirmed. *State v. Clark*, 2d Dist. Montgomery No. 17839, 2000 WL 1726851 (Nov. 22, 2000).

{¶ 4} On May 29, 2014, Clark filed a motion for leave to file a motion for new trial pursuant to Crim.R. 33, which is the subject of this appeal. The motion was based upon a claim of newly discovered evidence regarding the cause of the fire. In his attached affidavit, Clark averred that he first discovered information regarding wrongful convictions

in arson cases after watching a show on PBS. He does not aver when he watched the television show. He further averred that he then contacted the Ohio Innocence Project at the University of Cincinnati College of Law. Thereafter, Clark received an affidavit from Craig Beyler, Ph.D., dated May 22, 2013, which contested the validity of evidence presented at Clark's trial regarding the cause of the fire.

{¶ 5} In his affidavit, Beyler avers that the State, at Clark's trial, presented the expert testimony of Charles Ford, who investigated the fire in 1991. Ford had opined at trial that the fire originated on the floor of the kitchen, and that it was caused by the intentional use of an accelerant. Beyler avers that Ford based his opinion upon a finding of low burn patterns and irregularly shaped damage patterns on the floor. Beyler opines that Ford's testimony at trial as to the use of an accelerant would not be permitted under modern fire-research standards. Beyler avers that the new standards regarding the patterns relied upon by Ford were first published in 1997, following research conducted with funding from the U.S. Fire Administration. Specifically, Beyler avers, in pertinent part, the following:

6. Mr. Ford took samples from the floor for chemical analysis for accelerants and none were found by the forensics laboratory. Mr. Ford had no evidence of an accelerant other than the now discredited low burn, irregular pattern indicator. Under modern fire investigation practice under NFPA 921, a finding of an incendiary fire using Mr. Ford's evidence would not be allowed.

7. Under modern fire investigation practice under NFPA 921 and based upon our modern knowledge of fire science, Mr. Ford would today

only be able to opine that the fire started in the kitchen and the cause of the fire is undetermined.

{¶ 6} On July 10, 2014, the State filed a Motion to Set a Response Date in which it stated that the prosecutor's office had not been served with Clark's motion for leave, and that the prosecutor's office had been given notice of the motion on July 9. On July 28, Clark moved to strike the State's motion, arguing that a copy was mailed to the prosecutor's office, as noted by the certificate of service on his motion. He also argues that the fact that the clerk of courts received the motion on May 29 belies the State's claim that it was not served. Clark attached copies of mailing slip receipts issued by the prison, which indicate that he paid the prison for postage on May 19, 2014

{¶ 7} The State filed its memorandum opposing the motion for leave on August 21, 2014. On January 22, 2015, the trial court issued an order sustaining the State's motion for an extension of time to file its response. On the same date, the trial court denied the motion for leave. Clark appeals.

## II. The Trial Court Did Not Abuse its Discretion by Allowing a Late Response by the State to Clark's Motion for Leave to File a Motion for a New Trial

{¶ 8} Clark's First Assignment of Error states:

THE TRIAL COURT ERRED IN ALLOWING THE STATE TO FILE ITS RESPONSE IN OPPOSITION TO MY MOTION FOR LEAVE OUTSIDE OF THE TIME LEGALLY PERMITTED TO DO SO, FAILING TO GRANT – OR EVEN ACKNOWLEDGE – MY MOTION TO STRIKE THE

IMPROPERLY FILED RESPONSE, AND UNREASONABLY DELAYING IN RULING ON BOTH. THESE ACTIONS CONSTITUTE AN ABUSE OF DISCRETION, AND DENIED TO ME MY RIGHTS TO DUE PROCESS AND ACCESS TO THE COURTS GUARANTEED BY ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION AND AMENDMENTS I, V AND XIV TO THE U.S. CONSTITUTION.

{¶ 9} Clark contends that the trial court should not have permitted the State to file a late response to his motion for new trial. He further contends that the trial court erred by failing to rule upon his motion to strike the State's motion for an extension.

{¶ 10} The decision to grant an extension of time is a matter entrusted to the discretion of the trial court. *State v. Azzous*, 2d Dist. Greene No. 2003-CA-17, 2003-Ohio-5338, ¶ 11; *State v. Starks*, 6th Dist. Lucas No. L-10-1191, 2011-Ohio-1704, ¶ 33.

{¶ 11} In this case, the State's request for an extended response date indicated that the prosecutor's office was not aware of the motion for leave until July 9, 2014. A review of the record reveals that both the prison receipt and Clark's certificate of service show that the motion was mailed to the correct building address, but did not contain the specific suite address for the prosecutor's office. Thus, it is not unreasonable to infer that the motion did not reach the actual office of the prosecutor in the same timely manner as it reached the clerk of courts.[1] By granting the State's motion for an extension of time to respond, the trial court implicitly overruled Clark's motion to strike the motion for extension.

---

[1] The prison receipt for the filing mailed to the clerk of courts shows that it was addressed to the building *and* to the specific suite address for the clerk.

**{¶ 12}** We conclude that the trial court did not abuse its discretion by permitting a late response. The First Assignment of Error is overruled.

### III. Clark Has Not Demonstrated that He Was Prejudiced by the Trial Court's Having Ruled on his Motion for Leave to File a Motion for a New Trial without Having Received a Response from him to the State's Memorandum in Opposition

**{¶ 13}** Clark's Second Assignment of Error is as follows:

THE STATE FAILED TO SERVE ME WITH ITS OPPOSITION TO MY MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL, WHICH DEPRIVED ME OF AN OPPORTUNITY TO REPLY, AND THEREFORE VIOLATED MY RIGHT TO DUE PROCESS AND ACCESS TO THE COURTS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.

**{¶ 14}** Clark contends that the State failed to serve him with a copy of its memorandum objecting to his Motion for Leave, thereby prejudicially depriving him of his right to respond.

**{¶ 15}** We begin by noting that the State's memorandum contains a certificate of service upon Clark, thereby raising a presumption of service. Clark contends that he was not served, but he did not file any motion with the trial court attempting to inform the trial court of that fact or to set aside the ruling.[2] Furthermore, by initiating the Motion for

---

[2]  Pro se litigants are held to the same standard as represented litigants, and are presumed to know the law and the correct procedures for prosecuting claims. *State v. Greathouse*, 2d Dist. Montgomery No. 23259, 2010-Ohio-1617, ¶ 23.

Leave, Clark was on notice that filings in the case were possible. Thus, he could have checked the clerk of courts filing docket – something his brief indicates he has done and is aware can be done – to ascertain whether the State had filed a response. Indeed, almost six months elapsed between the date of the State's response and the date of the trial court's ruling, without any action by Clark.

{¶ 16} We also note that Clark claims that had he been given the opportunity to respond, he could have raised the arguments in the trial court that he now raises in this appeal. In his appellate brief, Clark makes a statement that access to legal resources in the Ohio prison system is "grossly inadequate." However, he did not explain his delay of almost a year, other than by implying that the clerk of courts "held" his motion without filing it for a period of time.

{¶ 17} We conclude that Clark has failed to show that he was prejudiced by the trial court determining his motion without the benefit of a response from him. The Second Assignment of Error is overruled.

**IV. Although the Trial Court Did Err in Finding that Clark Was Not Unavoidably Prevented from Discovering the New Evidence Upon which he Relies, this Error Is Harmless in View of the Fact that the Trial Court Had an Independent, Valid Basis for Overruling Clark's Motion for Leave to File a Motion for a New Trial**

{¶ 18} The Third Assignment of Error asserted by Clark states:

THE TRIAL COURT ERRED IN FINDING THAT I WAS NOT UNAVOIDABLY PREVENTED, IN THE EXERCISE OF REASONABLE

DILIGENCE, FROM DISCOVERING THE NEWLY DISCOVERED EVIDENCE IN QUESTION WITHIN 120 DAYS OF THE VERDICT IN MY TRIAL. THIS CONSTITUTES AN ABUSE OF DISCRETION AND VIOLATED MY RIGHT TO DUE PROCESS OF LAW GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS.

{¶ 19} Clark contends that the trial court erroneously found that he did not comply with Crim.R. 33 because he failed to demonstrate that he could not have discovered the new fire-research guidelines within 120 days of the verdict.

{¶ 20} Pursuant to Crim. R. 33(A)(6), a new trial may be granted when new evidence material to the defense is discovered that the defendant could not with reasonable diligence have discovered and produced at trial. "Motions for a new trial based upon newly discovered evidence must be filed within one hundred twenty days after the verdict was rendered, unless it appears by clear and convincing proof that the movant was unavoidably prevented from discovering the new evidence, in which case the motion for new trial must be filed within seven days after an order of the court finding that Defendant was unavoidably prevented from discovering the new evidence within the one hundred twenty day period." *State v. Taylor*, 2d Dist. Montgomery No. 23916, 2011-Ohio-2563, ¶ 17, citing Crim.R. 33(B).

{¶ 21} "In order to be able to file a motion for a new trial based on newly discovered evidence beyond the one hundred and twenty days prescribed in the above rule, a petitioner must first file a motion for leave, showing by 'clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.' " *State v. Parker*, 178 Ohio App.3d 574, 2008-Ohio-5178, 899 N.E.2d 183, ¶ 16 (2d Dist.), citing

*State v. Morgan*, 3d Dist. Shelby No. 17–05–26, 2006-Ohio-145. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *Id.*, citing *State v. Walden*, 19 Ohio App.3d 141, 145–146, 483 N.E.2d 859 (10th Dist. 1984).

{¶ 22} The decision whether to grant a motion for a new trial lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990). The term "abuse of discretion" implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

{¶ 23} Since Clark was convicted in 1992, his motion exceeded the time limit set in Crim.R. 33(B). Thus, he was required to file a motion for leave to file a delayed motion for a new trial showing that he was unavoidably prevented from filing the motion.

{¶ 24} The trial court, in its decision denying Clark's motion for leave, noted that Beyler averred that the NFPA 921 was first published in 1992. The trial court noted that its own research revealed that the publishing date was January 1992. Thus, the trial court found that the standard of care published in the NFPA 921 was available two months prior to Clark's conviction. The trial court concluded, therefore, that Clark's submitted documents do not demonstrate that he was unavoidably prevented from timely discovering Beyler or the NPFA 921, upon which Beyler based his conclusions.

{¶ 25} We conclude that the trial court did err with regard to its conclusions. While

Beyler's affidavit states that the first edition of the NFPA 921 was first published in 1992, it makes clear that the research regarding the fire patterns relied upon by Ford, and which refutes Ford's conclusions, was first published in 1997. This is outside the 120-day limit prescribed by Crim.R. 33. We conclude, therefore, that Clark's documents establish on their face his claim that he was unavoidably prevented from timely discovering the new evidence. However, given our disposition of Clark's Fourth Assignment of Error in Part V, below, we conclude that this error is harmless, since the trial court had an independent, valid basis for overruling Clark's motion.

{¶ 26} Clark's Third Assignment of Error is overruled.


**V. The Trial Court Did Not Err in Finding Unreasonable Delay in Clark's Filing of his Motion for Leave to File a Motion for a New Trial**

{¶ 27} Clark's Fourth Assignment of Error is as follows:

THE TRIAL COURT ERRED IN DENYING MY MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL BY FINDING THAT THE PERIOD FROM WHEN MY NEWLY DISCOVERED EVIDENCE CAME INTO EXISTENCE, AND WHEN I PRESENTED IT TO THE COURT, CONSTITUTED AN "UNREASONABLE DELAY" PURSUANT TO CRIMINAL RULE 33. THIS CONSTITUTES THE DENIAL OF MY RIGHTS TO BE FREE FROM THE IMPOSITION OF CRUEL AND UNUSUAL PUNISHMENT AND TO DUE PROCESS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS.

{¶ 28} Clark contends that the trial court abused its discretion when it concluded

that he unduly delayed filing his motion for leave after discovery of the new evidence. In support, Clark argues that once he has demonstrated that he was unavoidably prevented from filing a motion for a new trial within 120 days, he may file his motion for leave at any time, without any time limitations. In support, he cites *State v. Pinkerman*, 88 Ohio App.3d 158, 623 N.E.2d 643 (4th Dist. 1993), which holds that Crim.R. 33(B) does not set a time limit for filing a motion for leave to file a delayed motion for new trial.

{¶ 29} We disagree. "A trial court must first determine if a defendant has met his burden of establishing by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial within the statutory time limits. If that burden has been met but there has been an undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay." *State v. McConnell*, 2d Dist. Montgomery No. 24315, 2011-Ohio-5555, ¶ 15, quoting *State v. Stansberry*, 8th Dist. Cuyahoga No. 71004, 1997 WL 626063, * 3 (Oct. 9, 1997). *Accord State v. Reed*, 2d Dist. Montgomery No. 26526, 2015-Ohio-3051, ¶ 25; *State v. Golden*, 10th Dist. Franklin No. 09AP-10004, 2010-Ohio-4438, ¶ 18; *State v. Wilson*, 7th Dist. Mahoning No. 11-MA-92, 2012-Ohio-1505, ¶ 57; *State v. Willis*, 6th Dist. Lucas No. L-06-1244, 2007-Ohio-3953, ¶ 20; *State v. Barnes*, 12th Dist. Clermont No. CA 99-06-057, 1999 WL 1271665, * 3 (Dec. 30, 1999).

{¶ 30} "Without some standard of reasonableness in filing a motion for leave to file a motion for new trial, a defendant could wait before filing his motion in the hope that witnesses would be unavailable or no longer remember the events clearly, if at all, or that evidence might disappear. The burden to the state to retry the case might be too great

with the passage of time." *Stansberry*, * 3.

{¶ 31} We conclude that the trial court did not abuse its discretion in concluding that the delay between Beyler's affidavit, dated May 22, 2013, and the filing of the motion for leave, on May 29, 2014, was unreasonable.[3] Accordingly, the Fourth Assignment of Error is overruled.

## VI. Conclusion

{¶ 32} All of Clark's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
David E. Clark
Hon. Barbara P. Gorman

---

[3] As noted in Part IV, above, the affidavit submitted by Beyler indicates that the information regarding fire patterns was published in 1997. Thus, the new information could have been discovered earlier than 2013.