[Cite as *State v. Lundy*, 2020-Ohio-1585.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,               :               No. 19AP-505
                                             (C.P.C. No. 12CR-3892)

v.                                               :

                                             (REGULAR CALENDAR)

Markale Lundy,                                    :

      Defendant-Appellant.              :

D E C I S I O N

Rendered on April 21, 2020

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Kimberly M. Bond*, for appellee. **Argued:** *Kimberly M. Bond.*

**On brief:** *University of Cincinnati College of Law, Ohio Innocence Project, Jennifer Paschen Bergeron*, and *Mallorie Thomas*, for appellant. **Argued:** *Jennifer Paschen Bergeron.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Markale Lundy, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for leave to file a motion for new trial based upon newly discovered evidence. For the following reasons, we affirm.

{¶ 2} On November 22, 2013, a jury returned verdicts finding appellant guilty of one count of aggravated burglary, two counts of kidnapping, two counts of aggravated robbery, one count of attempted murder, and one count of felonious assault arising from an incident involving Andrea Newman and SeTecia Hayes on May 13, 2012. Following a February 12, 2014 sentencing hearing, the trial court imposed an aggregate prison term of

22 years. The trial court journalized appellant's convictions and sentence in a March 14, 2014 amended judgment entry.

{¶ 3}   Appellant appealed to this court, arguing that his convictions were against the manifest weight of the evidence. This court rejected appellant's claim and affirmed the trial court's judgment. *State v. Lundy,* 1oth Dist. No. 14AP-198, 2014-Ohio-3934. The Supreme of Ohio declined discretionary review. *State v. Lundy,* 142 Ohio St.3d 1411, 2015-Ohio-1099.

{¶ 4}   On November 12, 2014, appellant, through counsel for the Franklin County Public Defender's Office, filed a Crim.R. 33(B) motion for leave to file a motion for new trial based upon information obtained from the Columbus Police Department ("CPD") regarding changes in interpretation and reporting guidelines for the DNA evidence presented against appellant at trial. By decision and entry entered December 29, 2014, the trial court denied the motion, finding that a change in CPD's reporting procedure for DNA results did not qualify as newly discovered evidence pursuant to Crim.R. 33(B). Appellant did not appeal the trial court's decision.

{¶ 5}   On October 16, 2017, appellant, through counsel from the Ohio Innocence Project ("OIP"), filed a second motion for leave to file a motion for new trial, alleging that he had discovered new evidence from a previously unknown witness indicating that an individual other than himself had committed the offenses. More particularly, appellant asserted that Derrick Watson, an inmate with whom he was incarcerated at the Ross Correctional Institution, had informed him that he (Watson) had witnessed the May 13, 2012 incident and observed a person other than appellant commit the offenses. Appellant attached to his motion an affidavit executed by Watson on June 3, 2015. In that affidavit, Watson attested that in March 2015, he was apprised by a fellow inmate that appellant had attempted suicide because he was incarcerated for crimes he did not commit. After the inmate described the crimes, Watson realized that he had been present at the crime scene and that someone other than appellant was the perpetrator. Watson further attested that appellant moved to Watson's cell block on May 18, 2015; four days later, on May 22, 2015, Watson met with appellant and asked him about his case "to make sure I was right about what I was thinking." (Watson Aff. at 1, attached to Oct. 16, 2017 Mot.) Watson asserted that he was "shocked to hear that Markale Lundy was locked up for this crime, being that I

was there when Andrea Newman got attacked, and it was not Markale Lundy." *Id.* at 1. Watson reiterated that the man he saw commit the crimes "was not Markale Lundy" and that he was "100% sure that the man I saw was shorter and lighter than Markale Lundy." *Id.* at 3. Watson also set forth a detailed explanation of the crimes as well as why he did not timely report the incident to law enforcement. Appellant also attached numerous unauthenticated copies of CPD documents to his motion for leave.

{¶ 6}    On July 2, 2019, the trial court denied appellant's motion for leave without holding a hearing.  The court found that the motion had not been filed within a reasonable time after discovering the new evidence.  Specifically, the court found that "the two years delay after obtaining the evidence and the filing of the motion for leave is unreasonable and that the delay was not adequately explained nor reasonable under the circumstances." (July 2, 2019 Entry at 4.)

{¶ 7}    Appellant timely appeals, asserting the following assignments of error:

> I. The trial court abused its discretion when it failed to grant Appellant's Motion for Leave to File a Motion for New Trial when the record demonstrated by clear and convincing proof that Appellant was unavoidably prevented from discovering the evidence within 120 days of his conviction.
>
> II. The trial court abused its discretion when it denied leave to file a motion for new trial without first holding a hearing where the paper filings show that Appellant was unavoidably prevented from discovering the new evidence.

{¶ 8}    In his first assignment of error, appellant contends that the trial court abused its discretion in denying his motion for leave to file a delayed motion for new trial because the record demonstrated by clear and convincing proof that he was unavoidably prevented from discovering the new evidence within the 120-day time period set forth in Crim.R. 33. Appellant further maintains that the trial court abused its discretion in finding that his motion for leave was not filed within a reasonable time after discovering the new evidence.

{¶ 9}    Crim.R. 33(A) provides the grounds upon which a defendant may receive a new trial.  As relevant here, Crim.R. 33(A)(6) provides that a defendant may be granted a new trial "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial."

{¶ 10} A motion for new trial based upon newly discovered evidence must be filed within 120 days after the day upon which the verdict was rendered. Crim.R. 33(B). A defendant who fails to file a motion for new trial within the 120-day period must seek leave from the trial court to file a delayed motion. *State v. Berry,* 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 19. In this case, the jury verdicts were rendered on November 22, 2013; appellant did not file his motion until October 16, 2017, well outside the 120-day deadline imposed by Crim.R. 33(B). Accordingly, appellant correctly sought leave from the trial court to file a delayed motion. *Id.*

{¶ 11} To obtain such leave, a defendant must demonstrate by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence upon which the motion is based within the 120-day timeframe. Crim.R. 33(B); *Berry* at ¶ 19. A defendant is unavoidably prevented from discovering new evidence if he or she had no knowledge of the existence of the new evidence and, in the exercise of reasonable diligence, could not have learned of its existence within the time prescribed for filing a motion for new trial. *Id.,* citing *State v. Lee,* 10th Dist. No. 05AP-229, 2005-Ohio-6374, ¶ 7, and *State v. Walden,* 19 Ohio App.3d 141, 145-46 (10th Dist.1984).

{¶ 12} "An appellate court applies an abuse of discretion standard in reviewing a trial court's denial of a motion for leave to file a delayed motion for new trial." *State v. Hoover-Moore,* 10th Dist. No. 14AP-1049, 2015-Ohio-4863, ¶ 14, citing *State v. Anderson,* 10th Dist. No. 12AP-133, 2012-Ohio-4733, ¶ 9. "Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, no court has the authority, within its discretion, to commit an error of law." *Hoover-Moore* at ¶ 14, citing *State v. Moncrief,* 10th Dist. No. 13AP-391, 2013-Ohio-4571, ¶ 7.

{¶ 13} In support of his argument that he provided clear and convincing proof that he was unavoidably prevented from discovering the new evidence upon which is motion is based, appellant relies on Watson's attestation that he did not advise appellant that he had witnessed another person commit the crimes for which appellant was convicted until he and appellant met in prison in May 2015. Appellant acknowledges that the trial court did not specifically address the "unavoidably prevented" issue. Appellant submits that the trial court's omission in this regard amounts to a determination that appellant established that

he was unavoidably prevented from discovering the new evidence within the 120-day time period. Thus, argues appellant, the trial court should have sustained his motion for leave.

{¶ 14} Even if the trial court were to have concluded as appellant contends, appellant was required to demonstrate that his motion for leave was filed within a reasonable time after discovering the new evidence. *State v. N.D.C.*, 10th Dist. No. 15AP-63, 2015-Ohio-3643, ¶ 16 ("even if a defendant has established that they were unavoidably prevented from filing their motion for a new trial within the time limits, if there was an 'undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay' "). (Citations omitted.) *See also State v. Wilson,* 7th Dist. No. 11 MA 92, 2012-Ohio-1505, ¶ 57 ("even if we were to assume that these affidavits do provide clear and convincing proof that Wilson was unavoidably prevented from discovering evidence that Joseph Oliver was actually the shooter, Wilson still has another problem to overcome – the delay from discovering the evidence and filing his motion for leave").

{¶ 15} Although Crim.R. 33(B) does not provide a specific timeframe in which a defendant must seek leave to file a delayed motion for new trial, most Ohio courts, including this court, have adopted a reasonableness standard; thus, the trial court may properly require a defendant to file a motion for leave within a reasonable time after the discovery of new evidence. Indeed, this court has stated that "a 'trial court may require a defendant to file his motion for leave to file within a reasonable time after he discovers the evidence.' " *Berry,* 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 37, quoting *State v. Griffith,* 11th Dist. No. 2005-T-0038, 2006-Ohio-2935, ¶ 15. If there is undue delay between discovery of the new evidence and filing the motion for leave, the trial court must determine if that delay was reasonable under the circumstances or whether the defendant has adequately explained the reason for the delay. *Berry* at ¶ 38, citing *State v. Stansberry,* 8th Dist. No. 71004 (Oct. 9, 1997).

{¶ 16} In his motion for leave, appellant provided the following explanation for the 27-month filing delay. OIP is a non-profit legal clinic at the University of Cincinnati College of Law operated by law students under the guidance of licensed attorneys. OIP procedures require an inmate seeking representation to complete a screening process. Thereafter, law

student fellows conduct an independent and detailed factual and legal investigation into the inmate's claim. If this investigation reveals new evidence that supports the inmate's claim, OIP accepts the inmate as a client and drafts documents for filing in court. This review and investigation process typically takes several years to complete due to both the nature of post-conviction investigations and the fact that the legal clinic is staffed by law students who rotate through the clinic on an annual basis.

{¶ 17} As to the specifics of his case, appellant asserted that he wrote to OIP in November 2014 proclaiming that he was innocent of the crimes for which he was convicted. After obtaining Watson's affidavit on June 3, 2015, he forwarded it to OIP on June 24, 2015. Due to a backlog of cases, his case was not assigned for investigation until June 2016. Because the law student rotation occurs in the spring of each year, a new group of students arrived just after his case came off the waitlist. The law students and supervising counsel worked on the case from June 2016 to October 2017, culminating in the October 16, 2017 filing of the motion for leave to file a motion for new trial.

{¶ 18} Appellant contends that "the trial court's order denying leave provided no explanation for its decision other than a conclusory statement that two years was an unreasonable delay." (Appellant's Brief at 29.) Contrary to appellant's assertion, the trial court did not deny the motion based solely upon the passage of time. Rather, the court determined that appellant failed to offer a sufficient explanation for the 27-month delay between procuring Watson's affidavit in June 2015 and filing the motion for leave in October 2017. Indeed, the court, citing *Berry* at ¶ 38, noted that "[a]llowing the defendant to file a motion [for] leave [to file] a motion for a new trial at any time would frustrate the overall objective of the criminal rules in providing the speedy and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable delay." (July 2, 2019 Entry at 3-4.)

{¶ 19} As the states notes, appellant offered only general information regarding the work flow at OIP; he did not provide the trial court with any information about the work flow associated with his specific case. Appellant did not offer a specific explanation as to why his case was not assigned for review until June 2016, one full year after OIP received appellant's documentation, other than to attribute this delay to a backlog of cases. Nor did appellant provide any information explaining what occurred after his case was assigned for

review in June 2016. Appellant did not provide information such as how many students were assigned to his case or how many hours were expended in reviewing his case. Nor did appellant describe what investigative steps or actions OIP took from June 2016 to October 16, 2017, other than obtaining and reviewing the trial transcripts and documentary evidence in the case. However, appellant did not explain when OIP requested and/or received this information. Given this lack of detail, we cannot conclude that the trial court abused its discretion in finding that appellant failed to sufficiently explain his delay in filing his motion for leave.

{¶ 20} In *State v. Woodward,* 10th Dist. No. 08AP-1015, 2009-Ohio-4213, the defendant filed a motion for leave to file a motion for new trial accompanied by the affidavit of a witness who recanted his trial testimony identifying the defendant as his co-conspirator. This court observed that the defendant had learned "sometime in 2005" that the affiant would recant his trial testimony but waited until February 2008 to file his motion for leave. *Id.* at ¶ 16. The defendant asserted that the two-year delay was justified because "it took some time to contact his attorney and that it took time for his attorney to investigate the new testimony." *Id.* While we were sympathetic to "the logistical difficulties an inmate faces in trying to communicate with a lawyer," we held that "the trial court did not abuse its discretion in concluding this explanation does not justify appellant's delay of more than two years before filing his motions." *Id.* at ¶ 17.

{¶ 21} As we stated in *Woodward,* we appreciate the logistical difficulties facing an inmate in obtaining legal representation. We also are mindful that OIP provides vital and invaluable services to persons alleging that they have been wrongfully convicted of serious crimes. We also acknowledge that investigating, identifying, and litigating such cases is tedious, detailed, time-consuming work which is further constrained by the fact that the work is provided by law students who rotate through the legal clinic. However, pursuant to *Woodward,* we cannot find that the trial court abused its discretion in concluding that appellant's explanation does not justify the 27-month delay in filing his motion for leave.

{¶ 22} Finally, we note that many courts, including this court, have found delays far shorter than 27 months to be unreasonable. *See, e.g., State v. Armengau,* 10th Dist. No. 16AP-355, 2017-Ohio-197 (182 days); *State v. Hill,* 8th Dist. No. 108250, 2020-Ohio-102 (16 months); *State v. Bryan,* 8th Dist. No. 105774, 2018-Ohio-1190 (1 year); *State v.*

*Montgomery*, 6th Dist. No. L-15-1282, 2016-Ohio-7527 (9 months); *State v. Tubbs,* 2d Dist. No. 2015-CA-14, 2016-Ohio-842 (6 months); *State v. Jackson*, 3d Dist. No. 14-04-11, 2004-Ohio-5103 (2 months); *State v. Clark*, 2d Dist. No. 26596, 2016-Ohio-39 (1 year); *State v. Unsworth,* 6th Dist. No. L-09-1205, 2010-Ohio-398 (14 months); *State v. Griffith,* 11th Dist. No. 2005-T-0038, 2006-Ohio-2935 (14 months); *State v. Clyde,* 6th Dist. No. E-18-016, 2019-Ohio-302 (1 year).

{¶ 23} Based on the record before this court, we cannot find that the trial court abused its discretion in denying appellant's motion for leave to file a motion for new trial where appellant did not file his motion for leave for 27 months after obtaining Watson's affidavit.

{¶ 24} Appellant's first assignment of error is overruled.

{¶ 25} In his second assignment of error, appellant contends the trial court abused its discretion in failing to conduct "a hearing on the question of timeliness." (Appellant's Brief at 34.) We disagree.

{¶ 26} "A trial court's decision whether to conduct an evidentiary hearing on a motion for leave to file a motion for new trial is * * * discretionary." *Hoover-Moore* at ¶ 14, citing *State v. Cleveland,* 9th Dist. No. 08CA009406, 2009-Ohio-397, ¶ 54. In *State v. Willis,* 6th Dist. No. L-06-1244, 2007-Ohio-3959, the court found that the defendant's unexplained delay of more than three years between obtaining the affidavit of a recanting witness and the filing of a motion for leave to file a motion for new trial was unreasonable. The court concluded "[o]n this basis alone, we find that the trial court did not abuse its discretion when it denied [the defendant's] motion for leave to file a motion for new trial without holding an evidentiary hearing." *Id.* at ¶ 23.

{¶ 27} This court has already determined that the trial court did not abuse its discretion in determining that appellant failed to sufficiently explain the 27-month delay in filing his motion for leave. We thus cannot find that the trial court abused its discretion in denying appellant's motion for leave without holding an evidentiary hearing.

{¶ 28} Appellant's second assignment of error is overruled.

{¶ 29} Having overruled appellant's first and second assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT, J., concurs.
NELSON, J., dissents.

NELSON, J., dissenting.

{¶ 1} Because I would sustain the second assignment of error and remand this matter to the trial court for a hearing on Mr. Lundy's motion for leave to file a motion for a new trial, I respectfully dissent.

{¶ 2} At this juncture, all sides agree that we should analyze the issue before us – that is, whether the trial court erred in acting without a hearing to deny the motion for leave to file – without regard to the merits of the hypothetical new trial motion and without regard, therefore, to whether the proffered affidavit is credible on matters relating to those merits (and also without regard to the significance of arguments about DNA evidence as introduced at trial having been discredited, or about changing witness testimony, or the like).

{¶ 3} Under these particular circumstances, involving claimed post-trial evidence assertedly establishing actual innocence and in which (1) the convicted defendant explains that he promptly forwarded the claimed exonerating evidence to his eventual lawyers at the Ohio Innocence Project, (2) that evidence clearly suggests (despite the state's speculative argument that examination of certain cell phone records "might have led to the discovery of Watson prior to trial," *see* Appellee's Brief at 10) that he could not have procured it within 120 days of his conviction, and (3) the Innocence Project personnel claim to have proceeded as they imply to the courts, and with the matters raised in the motion for leave offering enough complexity that the trial court itself took some twenty months to assess the issue, a hearing on the motion for leave seems to me indicated. That hearing could probe counsel's processing/timeliness explanations, *compare* ¶ 21 above, and explore any prejudice to the state occasioned by the delay, thereby addressing the hypothetical concern raised but not specified by the state, *compare* Appellee's Brief at 6-7, citing *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 39. It's a close issue as I read this record, and I fully understand the rulings of the distinguished trial court and my colleagues on this panel, but I do very respectfully dissent.

————————————