[Cite as *State v. Cunningham*, 2025-Ohio-5597.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                       :

                                          No. 25AP-246
v.                                                              :          (C.P.C. No. 99CR-3468)

Anthony J. Cunningham,                       :          (REGULAR CALENDAR)

      Defendant-Appellant.                    :

D E C I S I O N

Rendered on December 16, 2025

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Anthony J. Cunningham*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Defendant-appellant, Anthony J. Cunningham, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for leave to file a motion for new trial, as well as denying his motion for public records and his motion to dismiss and/or motion for sanctions.

## I. Facts and Procedural History

{¶ 2} On June 30, 1999, appellant was indicted on four counts of rape, in violation of R.C. 2907.02, one count of kidnapping, in violation of R.C. 2905.01, and two counts of gross sexual imposition, in violation of R.C. 2907.05. The counts alleged conduct by appellant occurring between January 1 through February 28, 1999, with the alleged victim, A.W., being an 11-year-old female who was a neighbor of appellant.

{¶ 3} The matter came for trial before a jury beginning September 29, 1999. On October 4, 1999, the jury returned verdicts finding appellant guilty on all seven counts. By

amended judgment entry filed July 6, 2001, the trial court sentenced appellant to life imprisonment as to Counts 1 through 4, 10 years as to Count 5, and 5 years each as to Counts 6 and 7, with the sentences to run concurrent with each other.  Following a direct appeal, this court, in *State v. Cunningham*, 2000 Ohio App. LEXIS 4244 (10th Dist. Sept. 21, 2000), affirmed the judgment of the trial court.

{¶ 4}   Subsequent to his direct appeal, appellant has filed numerous unsuccessful pro se petitions, applications, motions, and appeals challenging his conviction and sentence, including petitions for post-conviction relief, applications to reopen his appeal, motions to discharge, motions to vacate void sentence, and motions to impose valid sentence.  Appellant has also filed multiple motions for new trial.

{¶ 5}   As relevant to the instant appeal, on August 1, 2024, appellant filed a motion to request public records pursuant to R.C. 149.43(B)(8).  On August 7, 2024, plaintiff-appellee, state of Ohio, filed a memorandum contra the motion.  On September 11, 2024, appellant filed a motion for leave to file a motion for new trial.  Attached to the motion was the affidavit of Angelic Kennedy.  On September 24, 2024, appellant filed a motion for new trial.  On October 8, 2024, appellant filed a "motion to dismiss and/or motion for sanctions for violations of [*Napue v. Illinois*, 360 U.S. 264 (1959) and *Brady v. Maryland*, 373 U.S. 83 (1963)] and due process."  On October 8, 2024, the state filed a memorandum contra appellant's motion for leave, motion for new trial, and motion to dismiss.  On October 22, 2024, appellant filed a response.

{¶ 6}   On February 12, 2025, the trial court filed an entry denying appellant's request for public records and also denying his motion for leave to file a motion for new trial and his motion to dismiss.  With respect to the request for public records, the court found appellant had failed to comply with the requirements of R.C. 149.43(B)(8).  As to the remaining motions, the court denied appellant's motion for leave to file a motion for new trial as barred by the doctrine of res judicata, and the court denied appellant's motion to dismiss as untimely.

## II.  Assignments of Error

{¶ 7}   Appellant, pro se, appeals and assigns the following four assignments of error for our review:

> [I.] The trial court abused its discretion in not holding a
> hearing when affidavit documentation on its face supported

appellant's claims of Crim. R. 16, Brady and Napue violations and provided a prima facie showing. Further, no hearing meant appellant was not allowed to prove "unavoidably prevented" nor reveal hostel witnesses along with black mail and extortion attempts against appellant in exchange for truth.

[II.] Trial court did abuse its discretion by imposing un-authorized requirements upon appellant such as **diligence** and **time** requirement's when addressing a Crim. R. 16 & Brady claim when such actions are not required of appellant under Ohio law for a valid Brady Claim to be asserted. However, prosecutions violation of constitutional protections and duty (Crim. R. 16 & Brady) is not forgiven because of time or diligence.

[III.] Trial court abused its discretion by failing to address Brady claim annalist by not applying the (3) three requirements for a Brady claim and instead reached a decision based upon the (6) requirements of the new evidence criteria, completely ignoring the Brady claim which would have satisfied the requirement that appellant was "unavoidably prevented" based upon prosecutions suppression of evidence which the appellant relies.

[IV.] Although appellant did state a justiciable claim pursuant to R.C.149.43(B)(8) appellant is going to refile this issue with the trial court and provide a detailed claim. So review at this time is not necessary.

(Emphasis in original.) (Sic passim.)

## III. Discussion

{¶ 8} Appellant's first, second, and third assignments of error are interrelated and will be considered together. Under these assignments of error, appellant contends the trial court erred in failing to conduct a hearing on his motion for leave to file a motion for new trial, and he further maintains the court erred in denying his motion for leave to file a motion for new trial by imposing unauthorized requirements in addressing his assertion the state suppressed evidence at the time of his trial in 1999.

{¶ 9} Appellant sought leave to file a motion for new trial in this case based on newly discovered evidence. Pursuant to Crim.R. 33(B), "[m]otions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day

upon which the verdict was rendered." Crim.R. 33(B), however, " 'excuses a defendant's failure to move for a new trial within the. . . 120-day deadline. . . if the defendant proves by clear and convincing evidence that he or she was unavoidably prevented from discovering the evidence on which the motion would be based within that time.' " *State v. Sevilla*, 2023-Ohio-1726, ¶ 9 (10th Dist.), quoting *State v. McNeal*, 2022-Ohio-2703, ¶ 16.

{¶ 10} Under Ohio law, "[a] defendant is unavoidably prevented from discovering new evidence if he 'had no knowledge of the existence of the new evidence and, in the exercise of reasonable diligence, could not have learned of its existence within the time prescribed for filing a motion for new trial.' " *Id.*, quoting *State v. Lundy*, 2020-Ohio-1585, ¶ 11 (10th Dist.). One way in which a defendant "may satisfy the 'unavoidably prevented' requirement in Crim.R. 33(B) is by establishing that the prosecution suppressed the evidence on which the defendant would rely when seeking a new trial." *McNeal* at ¶ 25. Until a court "grants leave to file a motion for a new trial, the motion for a new trial is not properly before the court." *State v. Bethel*, 2022-Ohio-783, ¶ 41.

{¶ 11} This court reviews a trial court's ruling on a motion for leave to file a motion for new trial "for an abuse of discretion." *McNeal* at ¶ 13. Similarly, " '[a] trial court's decision whether to conduct an evidentiary hearing on a motion for leave to file a motion for new trial is. . . discretionary.' " *Lundy* at ¶ 26, quoting *State v. Hoover-Moore*, 2015-Ohio-4863, ¶ 14 (10th Dist.), citing *State v. Cleveland*, 2009-Ohio-397, ¶ 54 (9th Dist.) As to the latter issue, "[a] criminal defendant 'is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue.' " *State v. Ambartsoumov*, 2013-Ohio-3011, ¶ 13 (10th Dist.), citing *Cleveland* at ¶ 54, citing *State v. McConnell*, 2007-Ohio-1181, ¶ 7 (2d Dist.).

{¶ 12} Regarding his claim the trial court erred in failing to conduct a hearing on his motion for leave, appellant asserts he "was not aware and had no knowledge of the existence of the ground(s) supporting the motion for leave to file a motion for new trial and could not have learned of the existence of the ground within the time prescribed for filing the motion for new trial as prosecut[ors'] suppression prevented discovery." (Emphasis omitted.) (Appellant's Brief at 6.) According to appellant, the "notarized" statements in the affidavit of Kennedy "provided evidence that was obvious of such substantial value to defense that

elementary fairness required it to be disclosed even without a specific request." (Appellant's Brief at 6-7.)

{¶ 13} In addressing appellant's motion for leave, the trial court found "[t]he arguments herein are the same arguments [appellant] has been making in his previous motions which this Court has found unpersuasive." (Feb. 12, 2025 Entry at 4.) The court further observed "it has been a significant period of time between the time in which [appellant] presented Kennedy's name and when the affidavit was signed with no explanation for the delay in doing so." (Entry at 4.) The court found appellant failed to supply "any new evidence and therefore res judicat[a] does apply and prevents [him] from raising in this proceeding[] claims that have been raised or could have been raise[d] in a prior proceeding." (Entry at 4.)

{¶ 14} As set forth above, the trial court found it had been a significant amount of time between when appellant first presented the name of Kennedy and when her affidavit was signed (i.e., signed and notarized). By way of background, the record indicates that appellant, in one of his earlier motions for leave to file a motion for new trial, filed on February 13, 2012, asserted newly discovered evidence pertaining to Kennedy. In that motion, appellant asserted he was unavoidably prevented from filing a motion for new trial in a timely manner because he did not know of the existence of the evidence "until about December 2011," and that he did not "have access to the evidence to file in court until Ms. Kennedy came forward with the evidence of corrupt activity." (Feb. 13, 2012 Mot. for Leave at 1.)

{¶ 15} In his 2012 motion for leave, appellant filed his own affidavit in which he averred A.W. "was told what to say and paid to say it by attorney Schumacher and daughter Stacey," and that A.W. told Kennedy "about being told to lie because she was scared." (Feb. 13, 2012 Mot. for Leave at 3.) Appellant further averred Kennedy was "[s]leeping with [appellant]," and that Kennedy was listed as a prosecution witness but never testified. (Mot. for Leave at 4.)

{¶ 16} Shortly after filing his 2012 motion for leave, appellant filed (on February 27, 2012), a pro se motion for new trial based on newly discovered evidence. Attached to the motion was the "affidavit" of Kennedy (hereafter the "2012 Kennedy Affidavit"). Kennedy stated in her affidavit that she did not know how she was placed on the prosecution witness

list, and that the prosecutor asked to "hear my side" and "told me he would come back to get me when they was ready for my testimony." (2012 Kennedy Aff. at 1-2.) Kennedy stated she "came forward" to tell the truth about A.W. "being told what to say and paid to say it," and she "felt like [the prosecutor] was just keeping me out of the court room." (2012 Kennedy Aff. at 2.) The 2012 Kennedy Affidavit, although signed and containing a statement that "[t]he above was sworn and subscribed before me on this 3 day of Feb. 2012," was not notarized. (2012 Kennedy Aff. at 2.)

{¶ 17} On March 12, 2012, the state filed a memorandum contra appellant's motion for leave, arguing that appellant "has now filed his fourth motion for new trial and motion for leave to file his motion for new trial" and, as with his "myriad previously filed motions, [appellant] claims that [A.W.] testified falsely." (Mar. 12, 2012 Memo Contra at 4.) The state argued that, although appellant "has attached a letter purportedly sent to him by Angelic Kennedy and a letter from James Knoll," the argument made by appellant "is the same one he has made for the last twelve years," and that appellant had attached a letter from Knoll in support of a motion in 2008 "making much the same claim." (Memo Contra at 6.) The state further argued appellant could not show he was unavoidably prevented from discovering the evidence because, by his own admission "he was sleeping with Angelic Kennedy, so his claim that the prosecutor 'hid' her from him is without basis." (Memo Contra at 6.)

{¶ 18} By entry filed April 3, 2012, the trial court denied appellant's motion for new trial. In that entry, the court held in part appellant had raised the "same challenges" before, and that "any further challenges are barred by res judicata." (Apr. 3, 2012 Entry at 2.) The court further observed appellant's "most recent request for a new trial is unsupported by a sworn affidavit and otherwise fails to meet the required standard under Crim.R. 33(B)." (Entry at 2.)

{¶ 19} On September 11, 2024, appellant filed his most recent motion for leave to file a motion for new trial "based on newly discovered evidence" which, according to appellant, he was "unavoidably prevented from discovering until around 2012 and did file" with the trial court "at that time," but the "action was denied due to lack of affidavit(s) to support claim, and [appellant] had no means or way to secure said affidavits until now." (Sept. 11, 2024 Mot. for Leave at 1.) In the motion, appellant asserted the "newly discovered

evidence relates to [the] prosecutor . . . who, in bad faith, willfully suppressed exculpatory and impeaching evidence, as is more fully shown by the affidavit of Angelic Kennedy." (Mot. for Leave at 1.) Appellant argued that, by reason of the prosecutor's acts, he was "unavoidably prevented from discovering the evidence until 2024." (Mot. for Leave at 2.)

{¶ 20} Attached to the current motion for leave was the affidavit of Kennedy (hereafter the "2024 Kennedy Affidavit"). In that affidavit, Kennedy averred she did not know how she was placed on the prosecution witness list in the 1999 trial. Kennedy further stated that the prosecutor "asked to hear my side, I told him that Stacey [Zander] and her Dad attorney [Don] Schumacher was telling [A.W.] to say she was raped and that they was paying her to say it." (2024 Kennedy Aff. at 1.) Kennedy stated the prosecutor "told me he would come back to get me when they was ready for my testimony, when he came out he told me they didn't need me so me and Mel left the court house." (2024 Kennedy Aff. at 1.)

{¶ 21} On October 8, 2024, the state filed a memorandum contra appellant's motion for leave to file a motion for new trial, motion for new trial, and motion to dismiss. In its memorandum, the state argued all three motions "rely on an affidavit by Angelic Kennedy stating that A.W. told her (Kennedy) that now-deceased attorney Don Schumacher and his daughter Stacey Zander told A.W. 'what to say and paid her to say it.' " (Oct. 8, 2024 Memo Contra at 1.) The state argued appellant "has raised the same or similar 'A.W. was lying' argument in prior filings," including in appellant's "motion for new trial filed February 27, 2012," which "relied on an unnotarized written statement by Kennedy that is nearly identical to Kennedy's affidavit on which his current motions rely." (Memo Contra at 1-2.) The state asserted, therefore, because appellant's "current motion for leave merely duplicates the argument raised in 2012, res judicata bars the motion." (Memo Contra at 2.)

{¶ 22} As noted, the trial court denied the motion for leave to file a motion for new trial on res judicata grounds, finding the doctrine "does apply and prevents [appellant] from raising . . . claims that have been raised or could have been raised in a prior proceeding." (Feb. 12, 2025 Entry at 4.) On review, we find the court did not err in denying appellant's most recent motion for leave based on res judicata.

{¶ 23} In general, " '[t]he doctrine of res judicata "prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated." ' " *State v. Hawk*, 2021-Ohio-4533, ¶ 16 (10th Dist.), quoting *State v. Russell*, 2006-Ohio-

6221, ¶ 12 (10th Dist.), quoting *State v. Sneed*, 2005-Ohio-1865, ¶ 16 (8th Dist.). This court "has stated '[r]es judicata applies to Crim.R. 33 motions for new trial.' " *Id.*, quoting *State v. Braden*, 2018-Ohio-1807, ¶ 11 (10th Dist.), citing *State v. Waddy*, 2016-Ohio-4911, ¶ 40 (10th Dist.), citing *State v. Russell*, 2005-Ohio-4063, ¶ 6-7 (10th Dist.); *State v. Fox*, 2009-Ohio-1327, ¶ 7 (10th Dist.). *See also State v. Jones*, 2023-Ohio-2936, ¶ 9 (10th Dist.) (affirming trial court's denial of motion for leave to file a motion for new trial where appellant's 2022 motion presented "same arguments based on the same 'newly' discovered evidence that he presented in his 2015 motion" and therefore "[t]hose arguments are barred by res judicata"); *State v. Collins*, 2020-Ohio-918, ¶ 48 (8th Dist.) ("It is well settled that the doctrine of res judicata bars all claims that were raised or could have been raised in a direct appeal or in prior motions filed under Crim.R. 33.").

{¶ 24} As outlined above, appellant's 2012 motion for leave to file a motion for new trial alleged that A.W. was told to lie by two individuals (Schumacher and Zander). In his accompanying 2012 motion for new trial, appellant attached the signed but unnotarized affidavit of Kennedy, in which Kennedy stated she did "not know" how she was placed on the state's witness list, that she told the prosecutor that Zander and her father were telling A.W. "what to say and paid to say it," and that the prosecutor eventually told her "they didn't need me" to testify. (2012 Kennedy Aff. at 1-2.) By entry filed April 3, 2012, the trial court denied appellant's motion for new trial, finding it "barred by res judicata." (Apr. 3, 2012 Entry at 2.) Appellant did not appeal the trial court's 2012 decision denying his motion for new trial.

{¶ 25} As also discussed above, appellant's 2024 motion for leave to file a motion for new trial raised the same assertion that the prosecutor spoke to Kennedy but ultimately told "the witness that she can leave" because "he does not need her." (Sept. 11, 2024 Mot. for Leave at 2.) In the attached 2024 Kennedy Affidavit, Kennedy stated, in almost identical language as her 2012 affidavit, she did not know how she was placed on the prosecution witness list, that she told the prosecutor "about [A.W.] being told what to say and being paid to say it," and that the prosecutor "came out" and "told me they didn't need me." (2024 Kennedy Aff. at 2.)

{¶ 26} Here, the issues raised in appellant's most recent motion for leave to file a motion for new trial were "the same arguments based on the same 'newly' discovered

evidence" presented in his 2012 motion for new trial, and "[t]hose arguments are barred by res judicata." *Jones*, 2023-Ohio-2936, at ¶ 9 (10th Dist.). *See also State v. Scott*, 2025-Ohio-3296, ¶ 31-32 (2d Dist.) (appellant's 2024 motion for leave to file motion for new trial, based on same arguments made in 2023 motion alleging Brady violation, barred by res judicata). As indicated, both the 2012 and 2024 Kennedy Affidavit, offered in support of the respective 2012 and 2024 motions, contain nearly identical averments, and the latest affidavit of Kennedy (albeit now notarized) does not add any new substantive information to the affidavit submitted in 2012. *See, e.g., Jones* at ¶ 10 (noting that, while the appellant's latest (2022) motion for leave to file a motion for new trial "contains additional materials" from his earlier (2015) motion, the additional materials are "similarly barred by res judicata" as appellant offers no evidence such documents were discovered after his 2015 motion). Accordingly, the trial court did not err in denying appellant's motion for leave to file a motion for new trial based on the doctrine of res judicata.

{¶ 27} Notwithstanding the application of res judicata, we further find unpersuasive appellant's argument he was unavoidably prevented from discovering the evidence at issue until 2024 on the basis that evidence is not "discovered" until an affidavit is notarized. (Appellant's Brief at 15.) While appellant cites no relevant support for this assertion, we have already noted that the "new evidence" at issue, based on averments made in the 2024 Kennedy Affidavit, mirrors the same allegations set forth in the 2012 Kennedy Affidavit (i.e., the content and substance of the 2024 Affidavit was already known). Further, "[t]he phrases 'unavoidably prevented' and 'clear and convincing proof' do not allow one to claim that evidence was undiscoverable simply because affidavits were not obtained sooner." *State v. Fortson*, 2003-Ohio-5387, ¶ 11 (8th Dist.). *See also State v. Rutan*, 2024-Ohio-593, ¶ 7 (10th Dist.) ("The defendant cannot claim that evidence was undiscoverable simply because no one made efforts to obtain the evidence sooner.").

{¶ 28} Having found the trial court did not err in concluding res judicata barred appellant's current motion for leave to file a motion for new trial, we further find the trial court did not abuse its discretion in failing to conduct a hearing on the motion. *See, e.g., Russell*, 2005-Ohio-4063, at ¶ 7 (10th Dist.) (where trial court denied motion for new trial based on doctrine of res judicata, trial court did not abuse its discretion in denying the appellant's motion without a hearing); *State v. Shuster*, 2017-Ohio-2776, ¶ 18-19 (5th Dist.)

(where res judicata barred motion for leave to file a motion for new trial, trial court did not abuse its discretion in denying motion without a hearing); *State v. McIntyre*, 2024-Ohio-1032, ¶ 10 (9th Dist.), citing *Bethel*, 2022-Ohio-783, at ¶ 59 (trial court did not err in failing to grant hearing on motion for leave to file a motion for new trial and "remanding this matter would be an 'exercise in futility' because [appellant's] *Brady* claim is barred under the doctrine of res judicata").

{¶ 29} Finally, we note appellant appears to contend the trial court misapplied the law because the court's decision cited case law outlining the test to be applied to motions for new trial based on newly discovered evidence. The court, however, having found the motion for leave to be barred by the doctrine of res judicata, did not reach the merits of a new trial motion, and we find unpersuasive appellant's contention the trial court misapplied the law. *See Bethel* at ¶ 41 (Until a court "grants leave to file a motion for a new trial, the motion for a new trial is not properly before the court.").

{¶ 30} Based on the foregoing, appellant's first, second, and third assignments of error are not well-taken and are overruled.

{¶ 31} Appellant's fourth assignment sets forth no separate argument, and his statement of assignment of error provides that, although he "did state a justiciable claim pursuant to R.C. 149.43(B)(8)[,] appellant is going to refile this issue with the trial court and provide a detailed claim . . . [s]o review at this time is not necessary." (Appellant's Brief at 4.) Because appellant has failed to argue error by the trial court, and has in essence withdrawn any assigned error, we decline to address any issues regarding the trial court's denial of his motion for public records.

## IV. Conclusion

{¶ 32} Having overruled appellant's three assignments of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

MENTEL and DINGUS, JJ., concur.

_____